GEORGE T. PARROT et al., executors,

*v.*

EDNA RANKIN ROGERS et al.

[Decided July 29th, 1916.]

1. Inheritance Tax law (*4 Comp. Stat. 1910 p. 5306 § 543*), section 7, provides that any executor or trustee having charge of any legacy or property for distribution subject to the tax shall deduct the tax therefrom, or, if the legacy or property is not money, shall collect the tax thereon upon the appraised value thereof from the legatee, and shall not deliver any legacy until he has collected such tax. Testator bequeathed to his wife $100,000 and certain household effects, &c., and his home property in trust for life, or until remarriage, with remainder to certain children of his deceased brother, and also devised $100,000 in trust for investment and to use the income to meet the taxes and other charges on the home property till sold, and to pay the balance of the income to his wife, and gave the residue of his estate to a brother and to the issue of his deceased brothers, and provided that certain provisions should be first carried out.—*Held*, that the inheritance tax paid by the executors was payable out of the property left the wife, and not out of the residue.

2. Where testator devised his homestead in trust for the use of his wife, and a certain amount in trust to meet the charges upon it, and then to pay the net income to her, the executors had no interest in the realty devised, and their only duty as to amount held in trust was to pay it over to the trustee after deducting the tax.

---

*Messrs. McCarter & English,* for the complainants.

*Mr. Chauncey G. Parker,* for Mrs. Rogers.

*Mr. Frank H. Hall,* for the infant defendants.

*Mr. Foster M. Voorhees,* for. Union County Trust Company.

STEVENS, V. C.

The executors of George W. Rogers filed this bill praying a direction as to how the inheritance tax of $4,474.64 paid by them shall be apportioned among the beneficiaries named in his will.

Mr. Rogers died on April 2d, 1914, resident in this state. He left a widow, to whom by the third clause of his will, he bequeathed the sum of $100,000, and. by the fourth clause, certain furniture, household effects and the contents of his garage. ·By the fifth clause 'he devised to the Union County Trust Company of Elizabeth, his home property on North Broad street, in that city, in trust for the use of his wife during her life, or until she should remarry, with remainder to certain children of his deceased brother. He also gave to the same company the sum of $100,000 in trust, to keep the same safely invested, and out of the income to pay as much as might be necessary to meet the taxes, insurance, repairs and other charges on the home property until sold, and to pay all the income not required for such purpose semi-annually to his wife during the term aforesaid. He made various other bequests, and in the event of his dying childless (which he did), he gave the residue of his estate (speaking generally) to a brother and the issue of deceased brothers.

The question is whether the inheritance tax above mentioned is payable out of the property thus left to the wife, or whether it is payable out of the residue.

Section 7 of the Inheritance Tax law provides as follows:

"Any administrator, executor or trustee having in charge or trust any legacy or property for distribution subject to said tax, shall deduct the tax therefrom, or if the legacy or property be not money, he shall collect the tax thereon upon the appraised value thereof from the legatee

or person entitled to such property, and he shall not deliver or be compelled to deliver any specific legacy or property subject to tax, to any person until he shall have collected the tax thereon."

The contention of counsel for Mrs. Rogers, as I understand it, is this: In every devolution of property from a decedent to a legatee or next of kin, there are two successions—the succession from the decedent to the personal representative, and from the representative to the legatee or next of kin. The tax is not a legacy duty, but a succession tax. *Neilson* v. *Russell, 76 N. J. Law 655; Carr* v. *Edwards, 84 N. J. Law 667.* It is the first of these successions and not the second, that the legislature intended to tax. Consequently the tax must be paid by the estate and not by the specific legatee. In other words, the tax, in terms imposed upon the legacy is to fall, ultimately, not upon the legacy, but upon the residuary estate and upon those to whom that estate is given.

There is nothing in the act itself which sustains this contention. In plain words, it directs that as to pecuniary legacies, the executor shall deduct the tax from the legacy before he pays it over and that as to specific legacies or property, he shall not deliver them until he shall have collected the tax from the transferee. According to the scheme of the act, therefore, it is the second and not the first successor who is to bear the burden. The statute does not provide that the executor shall subsequently refund the amount deducted to the legatee. If the legislature had intended to make the residuary estate bear the burden, it need only have directed that the executor should treat the tax as he would any other debt and pay it in a due course of administration. Why take it from the legatee, only to give it back to him?

The obvious intention of the legislature was to frame a scheme in which lineal descendants, including husband and wife, should be more lightly taxed than collaterals. The construction contended for would relieve collaterals altogether and generally throw the entire burden on lineal descendants or nearest of kin; for they, as a rule, take the residue. See *Wyckoff* v. *O'Neil, 72 N. J. Eq. 880.*

The second contention is, that if the tax is under the act

payable by the legatee, yet the testator may provide that the executors shall pay it out of the residue and that he has done so in this instance. The rule invoked is, that where the testator directs the amount of the legacy to be paid "without deduction" or "free and clear" of such tax, the tax will then be payable out of the residuary estate. *24 Cyc. 475; In re Maryon-Wilson (1900), 1 Ch. 565.* As far as I can see, there is nothing in the will that brings the case within this rule. The introduction to the ninth paragraph does not touch the subject and the provision in the tenth, that (*inter alia*) the third, fourth and the fifth clauses and the provisions therein contained, *shall be first and in all respects observed and carried out,* adds emphasis perhaps to the duty of the executors faithfully to perform their trust, but does not vary testator's directions.

The third question does not seem to be within the issues raised by the pleadings. The fifth clause of the will devises the homestead to the Union County Trust Company, and gives it $100,000 to keep down the charges upon it, and then to pay the net income to Mrs. Rogers. The bill is filed by the *executors.* They have no interest in the real estate devised and their only duty in the case of the hundred thousand dollar fund is to pay it over to the trustee after deducting the tax.